**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,**

v.

**LAACKE & JOYS CO., Defendant.**

**Civ. A. No. 73-C-207.**

United States District Court,
E. D. Wisconsin.

March 8, 1974.

Mary Jane S. Watt, Trial Atty., Equal Employment Opportunity Commission, and Bruce B. Elfvin, Chicago, Ill., for plaintiff.

Clifford C. Kasdorf, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge:

This action was brought by the Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") pursuant to § 706(f)(1) and (2) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by Public Law 92–261 (March 24, 1972). The complaint alleges that employment practices of the defendant constitutes unlawful sex discrimination in violation of Title VII. The defendant Laacke & Joys Co. has moved to dismiss this action or, in the alternative, to strike certain portions of the complaint. The EEOC has moved to strike the defendant's demand for a jury trial.

Title VII of the 1964 Civil Rights Act prohibits the restriction of employment opportunities on the basis of race, color, sex, religion, or national origin. The Commission is the federal agency created by the Act to implement the public policy of equal employment. Initially the enforcement power of the EEOC was limited to investigating charges of discrimination and attempting to eliminate unlawful practices through methods of persuasion and conciliation. The 1972 amendment to Title VII, Public Law 92–261 (March 24, 1972), authorized the Commission to bring court action should conciliation efforts prove unsuccessful

■■ The defendants argue that the action is barred by a Wisconsin statute of limitations and that the EEOC has failed to perform necessary conditions precedent. Section 893.21(1) of the Wisconsin Statutes, cited by defendant, cannot control this action.[1] By its terms, the statute limits only actions brought by a "private party." The plaintiff is not a private party but a federal agency enforcing public policy. Even if the scope of the statute was not limited to private parties, the effect would be the same. A state statute of limitations cannot bar an action by the United States absent a congressional enactment to the contrary. United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539 (1926); cf. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940).

Title VII specifies a series of administrative steps that must be taken before

---

1. Section 893.21 of the Wisconsin Statutes reads in relevant part:

   "Within 2 years:

   "(1) An action by a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.

   " *   *   * "

bringing court action. The requirements vary with the identity of the plaintiff. Actions based on Title VII can be brought by a private party, the Attorney General, or the EEOC. The defendant's motion questions the performance by the Commission of those requirements incumbent upon it in its role as plaintiff.

The initial requirement is that a written charge of discrimination must have been filed with the EEOC to establish the agency's jurisdiction for further process.[2] Title VII also directs the EEOC to defer acting on the charge for up to sixty days to allow state authorities an opportunity to resolve the complaint.[3] In Wisconsin, the State Department of Industry, Labor, and Human Relations (hereinafter "DILHR") investigates charges of employment discrimination and the EEOC defers to the DILHR proceedings. In this case, the party alleging discrimination submitted simultaneous charges to the EEOC and the DILHR. Defendant asserts that the Commission could not properly accept any charge submitted within the period of required deferral. Any merit the argument may have had ended with Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). That decision expressly approved the EEOC practice of holding a received charge in abeyance until the deferral period expired.

At the time this charge was received and processed by the EEOC, the following statutory provision controlled:

"* * * [T]he Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged

unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *" 42 U.S.C. § 2000e–5(a).

The foregoing provision expressed no time limit within which the copy of the charge was to be given to the employer. A fair reading of the provision indicates the copy should have been provided before any effort was made to conciliate the charge. The purpose of providing the copy of the charge to the employer was to facilitate a voluntary resolution of the issue. Kemp v. General Electric, 2 Emp.Prac.Dec. 9996 (N.D.Ga.1969).

■ Affidavits submitted by the parties show that the EEOC provided a copy of the charge to the Laacke & Joys Co. on April 2, 1971, before a conciliation was attempted on November 8, 1972. The procedure followed by the EEOC in providing the copy of the charge to the defendant fully complied with the express and statutory requirement. The fact that a later amendment to Title VII introduced a ten-day notice requirement[4] has no bearing on the question of EEOC conformity to the procedural requirements then in effect.

■ The defendant notes that the party who filed the state and federal charges has not exhausted every available remedy under state law. This raises no issue with respect to the EEOC as plaintiff. The EEOC is required to defer to state procedure no more than sixty days, and this has been done.

The EEOC has properly pleaded the performance of conditions precedent in a general allegation as permitted by Rule 9(c) of the Federal Rules of Civil Procedure. EEOC v. Pick Memphis Corp., 5 Emp.Prac.Dec. 8471. (W.D.Tenn.1973). The defendant's motion attempts to impose conditions which are not prerequisites to court action by the EEOC. The motion, therefore, must be denied.

2. 42 U.S.C. § 2000e–5(a).

3. 42 U.S.C. § 2000e–5(b).

4. "Whenever a charge is filed * * * the Commission shall serve a notice of the charge (including the date, place and circum-

stances of the alleged unlawful employment practice) on such employer * * * within ten days, and shall make an investigation thereof. * * *" Section 706(b) of Public Law 92–261 (March 24, 1972), amending 42 U.S.C. § 2000e–5(b).

■ The defendant has moved to strike the phrase "but are not limited to" where it appears in the complaint. The term, as used in the three statements of claim, simply looks to an expansion of the evidence through discovery process. In the context of a demand for judgment, the phrase is a request that the broad equitable power of the court be utilized to fashion an appropriate remedy for any discrimination proven. Whether the defendant's motion is treated as a motion to strike or as a motion for a more definite statement, there is no basis upon which it should be granted.

■ The EEOC has moved to strike the defendant's demand that this action be tried before a jury. The action based on Title VII is wholly a creation of statute and was unknown at common law. It is a reflection of the evolved perception that we could no longer tolerate the individual and societal losses occasioned by linking employment opportunity to invidious or irrational stereotypes.

Courts have consistently held Title VII actions as proceedings in equity, giving rise to no right to a jury trial. Culpepper v. Reynolds Metals Company, 296 F.Supp. 1232 (N.D.Ga.1968), rev'd and rem'd for supplemental relief 421 F.2d 888 (5th Cir. 1970), affirmed 442 F.2d 1078 (5th Cir. 1971); Johnson v. Georgia Highway Express, Inc., 417 F. 2d 1122 (5th Cir. 1969); Cheatwood v. South Central Bell Telephone and Telegraph Co., 303 F.Supp. 754 (M.D.Ala. 1969); Hayes v. Seaboard Coast Line Railroad Co., 46 F.R.D. 49 (S.D.Ga. 1968); Gillin v. Federal Paper Board Co., 52 F.R.D. 383 (D.Conn.1970); see King v. Laborers International Union of No. America, Union Local No. 818, 443 F.2d 273 (6th Cir. 1971); and Moss v. Lane Company, Incorporated, 471 F.2d 853 (4th Cir. 1973).

Similar issues have arisen in court actions charging employment discrimination brought under the Civil Rights Acts of 1866 and 1871. Courts have also held these actions seeking reinstatement and back pay to be suits in equity affording no right to jury trial. Lynch v. Pan American World Airways, 475 F.2d 764 (5th Cir. 1973); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); Williams v. Travenol Laboratories, Inc., 344 F.Supp. 163 (N.D.Miss. 1972).

Congress intended court actions based on Title VII to be equity proceedings.[5] The focus of the statute is prospective, placing exclusive reliance on the equity power of a court to eliminate employment discrimination.

"* * * [T]he court may *enjoin* the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or *any other equitable relief* as the court deems appropriate. * * *" (Emphasis added.) 42 U.S.C. § 2000e–5(g).

A proposed amendment to Title VII which would have provided a jury trial on request was considered and rejected by the Senate in 1972.[6]

The fact that back pay is sought does not change the result. The Title VII back pay award is derived directly from the equitable remedy of restitution. It contemplates no punitive damages but simply looks to restoring wages which were withheld in the course of unlawful

5. 110 Cong.Rec. 7255 (1964) (Remarks of Senator Case).

6. Proposed amendment 908 was offered to amend legislation which became Public Law 92–261, amending Title VII. Amendment 908, which was discussed and rejected by the Senate, provided:

"Upon demand of any party, the issues of fact arising in any civil action brought under the provisions of this Act or the provisions of Title VII of the Civil Rights Act of 1964 shall be determined by a jury." 118 Cong.Rec. S–2277, 2278 (Daily Ed., Feb. 22, 1972).

discrimination. Robinson v. Lorillard Corporation, 444 F.2d 791, 802 (4th Cir. 1971), cert. dismissed 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). As the Seventh Circuit has said in discussing the Title VII back pay award, "It is not unreasonable to regard an award of back pay as an appropriate exercise of a chancellor's power to require restitution. Restitution is clearly an equitable remedy." Rogers v. Loether, 467 F.2d 1110, 1121 (7th Cir. 1972), aff'd sub nom. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

A Title VII action involves no legal issue and invokes only the equity jurisdiction. There is, therefore, no right to a jury trial.

For the above reasons,

It is ordered that the defendant's motions for dismissal of the action and to strike certain portions of the complaint be and they are hereby denied.

It is further ordered that the plaintiff's motion to strike the defendant's demand for a jury trial be and it hereby is granted.