Ernesto FLORES et al., Plaintiffs,

v.

LOCAL 25, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, et al., Defendants.

No. 74C284.

United States District Court,
E. D. New York.

Feb. 9, 1976.

Harvey W. Spizz, Kadane & Spizz, Community Legal Assistance Corp., Hempstead, N. Y., Mayer G. Freed, Robert P. Roberts, National Employment Law Project, New York City, by Diana H. Greene, New York City, for plaintiffs.

Delson & Gordon, New York City, for Local 25 and Joint Apprenticeship.

Terrence F. Gaffney, Garden City, N. Y., for Nassau & Suffolk Chap. and Alcap.

## OPINION AND ORDER

PLATT, District Judge.

### PRELIMINARY STATEMENT

This is a class action brought under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), and under 42 U.S.C. § 1981. Plaintiffs seek a declaratory judgment that defendants have committed unlawful employment practices within the meaning of §§ 703 and 704 of Title VII (42 U.S.C. §§ 2000e–2 and 2000e–3) against plaintiffs and other black and Hispanic persons, and further that they have discriminated against plaintiffs and other black and Hispanic persons in an apprenticeship program, in employment and employment referrals, and in admission to union membership. Plaintiffs also seek preliminary and permanent injunctions against discriminatory acts and acts which perpetuate past discrimination. They ask as well that the Court order defendants to redress the effects of past discrimination, and pay plaintiffs and the fellow members of their class wages they would have earned but for unlawful discrimination, along with reasonable attorney's fees and costs of this action.

Two defendants, Local 25 and the Joint Apprenticeship and Training Committee, have in their answers demanded a jury trial, and plaintiffs have moved to strike the demands. The Court is of the opinion that the motion must be granted since the complaint seeks only equitable relief.

## DISCUSSION

Defendants concede in their brief in opposition to this motion that with respect to the complaint's demands for relief made pursuant to Title VII of the Civil Rights Act of 1964, they have no right to demand a jury trial. *Albemarle Paper Company v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), makes it clear that the remedies available under Title VII are exclusively equitable in nature.

Defendants assert, however, that the Seventh Amendment to the Constitution affords them a right to trial by jury of all claims brought under 42 U.S.C. § 1981. That section, they say, can give rise to legal remedies, and where a statute under which an action is brought gives rise to legal remedies a jury demand is appropriate.

Defendants cite a number of cases holding that the Seventh Amendment right to trial by jury in suits at "common law" applies where legal remedies are sought in a cause of action created by statute. *See Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); see also *Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. (3 Peters) 433, 7 L.Ed. 732 (1830).

This Court does not, of course, argue with this proposition. But the proposition is only relevant where legal remedies are *sought,* not merely provided for by statute, and none are sought here. In *Curtis v. Loether,* for example, an action was brought for injunctive relief

*and damages* under 42 U.S.C. § 3612. The Court held that a Seventh Amendment right to jury trial exists "if the action involves rights and remedies of the sort typically enforced in an action at law," 415 U.S. at 195, 94 S.Ct. at 1009, and also held that one type of relief sought in the case before it, actual and punitive damages, "is the traditional form of relief offered in the courts of law," 415 U.S. at 196, 94 S.Ct. at 1009. The Court pointed out that where such legal claims are joined with equitable ones, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact," 415 U.S. at 196 n. 11, 94 S.Ct. at 1009.

In the instant case, however, plaintiffs seek only equitable relief. Thus while a jury trial demand in a suit, based on a statute, in which damages were sought would present a different question, no Seventh Amendment right to trial by jury exists when, as here, only equitable relief is sought under § 1981.

In reaching this conclusion, the Court is necessarily characterizing as equitable plaintiffs' demand for the back pay allegedly owing because of past discrimination. It is clear that a back pay award under Title VII is considered equitable relief, *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). It would make little sense to label the same type of relief for the same discriminatory acts "legal" when it is afforded under § 1981 instead of Title VII. Among the courts which therefore consider such relief equitable are the Fifth Circuit (*Lynch v. Pan American World Airways, Inc.,* 475 F.2d 764 (1973)) and several district courts (*see EEOC v. Laacke & Joys Co.,* 375 F.Supp. 852 (E.D.Wis.1974); *United States v. United States Steel Corp.,* 371 F.Supp. 1045 (N.D.Ala.1973), aff'd 520 F.2d 1043, 1060 n. 1 (5 Cir. 1975); *Williams v. Travenol Laboratories, Inc.,* 344 F.Supp. 163 (N.D.Miss.1972)). The Fifth Circuit has also held that the equitable doctrine of laches can be applied in cases where back pay is sought under Title VII and § 1981, *Franks v. Bowman*

*Transportation Co.,* 495 F.2d 398 (5th Cir.), *cert. denied,* 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974). Further, courts have found the Seventh Amendment inapplicable where back pay is sought under 42 U.S.C. § 1983, *Harkless v. Sweeny Independent School District,* 427 F.2d 319 (5th Cir. 1970), *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); *Smith v. Hampton Training School,* 360 F.2d 577 (4th Cir. 1966); *Lombard v. Board of Education,* 407 F.Supp. 1166 (72 Civ. 344) (E.D.N.Y. 1976).

The only case brought forth on this issue by defendants is *Amburgey v. Cassady,* 507 F.2d 728 (6th Cir. 1974). That suit was a 42 U.S.C. § 1983 action by a teacher who alleged she was fired for exercising First Amendment rights, and the Court held that plaintiff was entitled to a trial by jury under *Curtis v. Loether.* However, neither the Court of Appeals opinion nor the trial court opinion (see 370 F.Supp. 571) makes it clear just what relief was requested. It may well be that plaintiff in that action sought damages as well as back pay. If that was the case, the request for damages, clearly a legal remedy, would put in a much different light the Court's finding that both legal relief and equitable relief were sought, and that a jury demand was therefore appropriate. That finding would not then imply that a back pay award under § 1983 was considered a legal remedy by the Court. In any event, the Sixth Circuit gave no explicit consideration to the question of how to characterize back pay in *Amburgey.*

Further, plaintiff notes in response that a later decision in the same court appears to hold that where back pay alone is sought under Title VII and § 1981, there is no right to trial by jury. *EEOC v. Detroit Edison Co.,* 515 F.2d 301, 308 (6th Cir. 1975) (U.S. appeal pending).

This Court is persuaded that logic and the weight of authority require that we treat a demand for back pay under § 1981 as a demand for equitable relief. A back pay award may be made at the Court's discretion if the Court finds that discrimination in employment has existed and that a remedy must be fashioned to redress the discrimination. As it is when awarded under Title VII, back pay when awarded under § 1981 is a tool that may be used to help restore those discriminated against to the position in which they would be if not for the discrimination, and to "secure complete justice." See *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

## CONCLUSION

It follows that plaintiffs' complaint seeks equitable relief exclusively, and that defendants' jury demands must therefore be stricken. Plaintiffs' motion to that end must be and hereby is granted.

So ordered.