Alexander BOOKER, Plaintiff,

v.

ELECTRICAL WORKERS UNION, LOCAL 2021, IBEW (AFL–CIO), a corporation, Defendant.

No. CIV–76–0854–D.

United States District Court,
W. D. Oklahoma.

Feb. 18, 1977.

Donald W. Davis, Frank E. Marley, Jr., Oklahoma City, Okl., for plaintiff.

George J. McCaffrey, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Chief Judge.

Plaintiff Alexander Booker brings this action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq., seeking injunctive relief and damages against Defendant Electrical Workers Union, Local 2021, IBEW (AFL–CIO), a corporation (Labor Union) for loss of wages for alleged racial discrimination by said Defendant. Plaintiff designates this action as "a suit in equity" and seeks relief for Defendant's alleged discrimination against Plaintiff, a black member of Defendant Labor Union, in its manner of handling grievance proceedings on behalf of Plaintiff against Plaintiff's employer. Plaintiff asserts that this Court has jurisdiction of the matter pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. § 2000e et seq.[1] It is further asserted that the instant suit is authorized by the Fifth and Fourteenth Amendments and by 42 U.S.C. §§ 1981 and 1983.[2] Plaintiff has filed herein a Motion for Trial by Jury. Said Motion is supported by a Brief and Defendant has filed a Reply (Response) Brief in opposition to the Motion.

Plaintiff contends that the provisions of the Seventh Amendment and Rules 38 and 39, Federal Rules of Civil Procedure, entitle Plaintiff to a jury trial as the instant action contains issues common to legal and equitable relief. Defendant maintains that a jury trial is not available of right in a statutory employment discrimination action which seeks injunctive relief and back pay.

Title VII provides that it is an unlawful employment practice for a labor organization to discriminate against an individual on account of his race. 42 U.S.C. § 2000e–2(c)(1). The broad equitable powers of a district court to mold relief for a violation of Title VII are founded upon 42 U.S.C. § 2000e–5(g) which provides in pertinent part:

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

In this statute, Congress vested broad equitable discretion in the federal courts to order such affirmative action as may be appropriate. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). The demand for back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury. *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (Fifth Cir. 1969). In view of this, the courts have uniformly determined that a party to a Title VII action is not entitled to a jury trial. *Slack v. Havens*, 522 F.2d 1091 (Ninth Cir. 1975); *EEOC v. Detroit Edison Co.*, 515 F.2d 301 (Sixth Cir. 1975); *Robinson v. Lorillard Corp.*, 444 F.2d 791 (Fourth Cir. 1971) cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc., supra.* Also, *Marshall v. Electric Hose & Rubber Co.*, 413 F.Supp. 663 (D.Del.1976); *Equal Employment Opportunity Com'n v. Laacke & Joys Co.*, 375 F.Supp. 852 (E.D.Wis.1974); *Loo v. Gerarge*, 374 F.Supp. 1338 (D.Hawaii 1974); *United States v. United States Steel Corp.*, 371 F.Supp. 1045 (N.D.Ala.1973); *Humphrey v. Southwestern Portland Cement Co.*, 369 F.Supp. 832 (W.D.Tex.1973) rev'd on other grounds 488 F.2d 691 (Fifth Cir. 1974) rehearing denied, 490 F.2d 992

---

1. It would appear that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e–5(f)(3). 28 U.S.C. § 2201, which confers upon a Court the power to render a declaratory judgment, is not a jurisdictional statute. *Barr v. United States*, 478 F.2d 1152 (Tenth Cir. 1973) cert. denied, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d

148 (1973); *Choate v. United States*, 413 F.Supp. 475 (N.D.Okl.1976).

2. 42 U.S.C. § 1983 provides a Federal remedy for a denial or deprivation of a federally protected right by a state or state agency. The instant action against Defendant labor union is not within the purview of § 1983.

(Fifth Cir. 1974); *Lowry v. Whitaker Cable Corp.,* 348 F.Supp. 202 (W.D.Mo.1972) aff'd 472 F.2d 1210 (Eighth Cir. 1973); *Ochoa v. American Oil Co.,* 338 F.Supp. 914 (S.D.Tex. 1972); *Gillin v. Federal Paper Board Co.,* 52 F.R.D. 383 (D.Conn.1970); *Moss v. Lane Co.,* 50 F.R.D. 122 (W.D.Va.1970); *Culpepper v. Reynolds Metals Co.,* 296 F.Supp. 1232 (N.D.Ga.1969) rev'd on other grounds 421 F.2d 888 (Fifth Cir. 1970); *Cheatwood v. South Central Bell Telephone & Telegraph Co.,* 303 F.2d 754 (M.D.Ala.1969); *Hayes v. Seaboard Coast Line Railroad Co.,* 46 F.R.D. 49 (S.D.Ga.1968). See Annot., 21 A.L.R.Fed. 472 (1974); 83 Yale L.J. 401 (1973); 37 U.Chi.L.Rev. 167 (1969).

■ Moreover, as to the particular type of action now before the Court, the courts have indicated that a Plaintiff in a Title VII action brought against a Labor Union is not entitled to a jury trial. See *King v. Laborers International Union of North America, Union Local No. 818,* 443 F.2d 273 (Sixth Cir. 1971); *Flores v. Local 25, International Brotherhood of Electrical Workers, AFL–CIO,* 407 F.Supp. 218 (E.D.N.Y.1976); *EEOC v. Brotherhood of Painters, Decorators & Paperhangers of America, Local 857,* 384 F.Supp. 1264 (D.S.D.1974).

In view of the foregoing, Plaintiff's Motion for Trial by Jury should be overruled.[3]

---

**3.** Plaintiff in his Complaint states that this suit is also authorized by 42 U.S.C. §§ 1981 and 1983. The Court has already indicated that the instant action does not come within § 1983 (see footnote 2). With regard to an action brought pursuant to § 1981, a party seeking equitable remedies under said section, to include a claim for back pay, is not entitled to a jury trial. *Lynch v. Pan Am World Airways, Inc.,* 475 F.2d 764 (Fifth Cir. 1973); *Flores v. Local 25, International Brotherhood of Electrical Workers, AFL–CIO, supra.*