**Oscar B. REAVES, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION and Local Union 494 I.B.E.W. AFL–CIO, Defendants.**

**No. 76–C–695.**

United States District Court,
E. D. Wisconsin.

April 18, 1977.

Terrance Pitts, Milwaukee, Wis., for plaintiff.

Kasdorf, Dall, Lewis & Swietlik by Clifford C. Kasdorf, Milwaukee, Wis., for Westinghouse.

Kenneth R. Loebel, Milwaukee, Wis., for Local 494.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Westinghouse Electric Corporation has moved for dismissal or for summary judgment and to strike portions of the complaint. The action is one in which Mr. Reaves, a former employee of Westinghouse, seeks injunctive relief and damages for racial discrimination in connection with certain allegedly unlawful employment practices, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

The plaintiff alleges that he filed a charge of employment discrimination against the defendant Westinghouse on January 23, 1973, and that on July 13, 1976, he received a "notice of right to sue" from the equal employment opportunity commission.

In paragraph 8 of the complaint, Mr. Reaves specifies a number of discriminatory practices which he attributes to the defendants. In paragraph 13 of the complaint, the plaintiff asserts that he "has suffered severe emotional distress and mental anguish" because of the termination of his employment. In his demand for relief, Mr. Reaves asks for an injunction to bar Westinghouse from "continuing to abridge the rights of plaintiff and other Black employees. . . . " He also seeks reinstatement and back pay. In addition, he demands punitive damages in the sum of $100,000.

■ Westinghouse asks to dismiss all of the claims brought under 42 U.S.C. § 1981 contending that they are barred by the statute of limitations. In my opinion, neither § 893.21(1) nor § 893.205, Wis.Stats., is applicable, and the 6-year limitations period of § 893.19(4), Wis.Stats. applies. Accordingly, all claims for discriminatory conduct occurring before October 8, 1970, are

barred, since the plaintiff's action was started on October 8, 1976. It follows that the defendant's motion for summary judgment dismissing the plaintiff's claims under 42 U.S.C. § 1981 must be granted as to conduct prior to October 8, 1970. Westinghouse's motion for dismissal will not be granted, and its motion for summary judgment will be partially granted as aforesaid.

■ The motion of Westinghouse to dismiss the Title VII claims regarding discriminatory hiring, testing and apprenticeship programs will be granted. Mr. Reaves' earlier charges, submitted to the EEOC, did not refer to the foregoing alleged violations. Pursuant to *McDonnell Douglas v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Moore v. Sunbeam Corporation*, 459 F.2d 811 (7th Cir. 1972), it is jurisdictionally necessary that the same claims be raised before the EEOC.

■ The defendant Westinghouse also seeks summary judgment in its favor concerning the claims of discriminatory testing, apprenticeship programs, and hiring, contending that the company does not engage in such tests for hiring, does not have an apprenticeship program, and did, in fact, hire the plaintiff. None of these contentions has been contradicted by the plaintiff. His suggestion that subsequent discovery may provide answers to these contentions is not a sufficient compliance with his obligation under Rule 56, Federal Rules of Civil Procedure. The movant has met its burden, and the plaintiff has not met his corresponding obligation. Accordingly, Westinghouse's motion for summary judgment dismissing claims based on these contentions will be granted.

■ Westinghouse has also applied for summary judgment regarding Mr. Reaves' Title VII claim concerning the denial of a promotion. The defendant's application is based upon the untimeliness of the filing of the charge with the EEOC. The error is jurisdictional, and accordingly, the motion for summary judgment by Westinghouse in this regard will be granted. See *Moore v. Sunbeam Corporation*, supra, and *Choate v.*

*Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968).

 The defendant Westinghouse has also moved to dismiss the demand for punitive damages and for any claim based on emotional distress and mental anguish. Both of such motions will be granted. Punitive damages are inappropriate. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *EEOC v. Laacke & Joys Co.*, 375 F.Supp. 852, 855 (E.D.Wis.1974); *EEOC v. Detroit Edison Co.*, 515 F.2d 301, 309 (6th Cir. 1975). In the latter case, the court said:

" . . . that a private plaintiff who sues under both Title VII and Section 1981 does not enlarge his right to relief beyond that authorized by Title VII. Section 1981 contains no provision for relief by way of damages or otherwise. When it is joined with another statutory right of action such as Title VII which specifies broad equitable remedies for those who have been injured by violation thereof, there is no justification for enlarging those remedies to include legal relief by way of punitive damages on the basis of Section 1981."

 Although no specific demand is made for damages for emotional distress and mental anguish, it is referred to in paragraph 13 of the complaint. In my opinion, in the words of *Detroit Edison*, supra, "there is no justification for enlarging" the specified remedies. The motion of Westinghouse will be granted.

The defendant Westinghouse seeks court costs and attorney's fees, which will be denied.

Therefore, IT IS ORDERED that the motion of the defendant Westinghouse to dismiss all of the plaintiff's § 1981 claims because of the statute of limitations be and hereby is denied.

IT IS ALSO ORDERED that the motion of the defendant Westinghouse for partial summary judgment in its favor as to all of the plaintiff's § 1981 claims prior to October 8, 1970, be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Westinghouse to dismiss the plaintiff's Title VII claims regarding discriminatory hiring, testing, and apprenticeship programs, be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Westinghouse for summary judgment dismissing all claims of discrimination in testing, apprenticeship programs and the hiring of the plaintiff be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Westinghouse to dismiss the plaintiff's Title VII claims concerning the denial of a promotion be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Westinghouse to strike the plaintiff's demands for punitive damages and for damages relating to emotional distress and mental anguish be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Westinghouse for court costs and attorney's fees be and hereby is denied.