William **PARTIN, on behalf of himself and all other persons similarly situated**

v.

**ST. JOHNSBURY COMPANY, INC.**

**Civ. A. No. 75–0148.**

United States District Court, D. Rhode Island.

March 21, 1978.

Richard A. Boren, Providence, R. I., for plaintiff.

Abraham Belilove, Providence, R. I., Herbert Burstein, New York City, for defendant.

### MEMORANDUM AND ORDER

PETTINE, Chief Judge.

This is an employment discrimination action originally brought under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, et seq. and under 42 U.S.C. sec. 1981 (1970). By order and opinion of July 19, 1976, this Court dismissed plaintiff's Title VII count on the ground that plaintiff had failed to file charges with the appropriate commission within the time prescribed by statute. However, this Court explicitly denied the motion to dismiss plaintiff's sec. 1981 action. The Court wrote:

It is firmly established that section 1981 affords a federal remedy independent of Title VII for discrimination in private employment on the basis of race. *Johnson v. Railway Express Agency*, 421 U.S. 454 [95 S.Ct. 1716, 44 L.Ed.2d 295] (1975). Defendant offers no reason for dismissing plaintiff's 1981 claim other than a vague argument that the complaint may be too broadly drawn for class action purposes. If there is any merit to this argument, it can be raised later when the Court considers the question of class certification. Slip Op. at 5.

In July, 1977, defendant renewed its motion to dismiss based on Supreme Court decisions of last term, *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), that defendant claims require dismissal of the sec. 1981 action as well. Whatever import these decisions may have for requirements of a timely filing of charges under Title VII,[1] they have no relevance to time limitations on sec. 1981 actions. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), cited in this Court's 1976 Opinion, expressly dictates that sec. 1981 actions are limited by the state statute of limitations applicable to the most analogous state cause of action, not Title VII's time requirements. Sec. 1981 and Title VII remain two distinct causes of action to remedy private employment discrimination. *Johnson* was controlling authority in 1976 and continues to control in 1977.

Although that Court rejected Title VII's time limitation, it did not decide what limitation period would be appropriate to a sec. 1981 action. Defendant, in his answer and in both motions to dismiss, has urged only that the Title VII limitation period be applied to bar plaintiff's sec. 1981 action. In replying to plaintiff's memorandum in opposition to defendant's first motion to dismiss, defendant conceded that Title VII limitations were not appropriate to sec. 1981 actions. Rather than suggest a limitations period that might bar the 1981 action, defendant opposed the sec. 1981 action on class action grounds. This Court rejected the class challenge as grounds for dismissal and denied defendant's motion to dismiss without discussing whether the sec. 1981 action was barred by an analogous state statute of limitations. In his second motion to dismiss, defendant has repeated its error and urged only that the Title VII limitation be applied to sec. 1981 actions. In response,

plaintiff has correctly urged that there is no reason to review that question, decided adversely to defendant in 1976. In the alternative, plaintiff argues that the most analogous state statute of limitations was Rhode Island's six year limitation applicable to contract actions. The Court has received no reply from defendant.

Although defendant's counsel has not proposed an analogous state limitation period, defendant has adequately raised the question of whether the 1981 action is time barred to compel this Court to now examine what is, in fact, the appropriate period of limitation and whether that period bars plaintiff's sec. 1981 action. That question was not decided by this Court in 1976.

To determine the appropriate analogous state statute of limitations, the Court must choose between Rhode Island's statute of limitations for "injuries to the person", R.I. G.L. sec. 9–1–14, and the state's six year statute of limitation for all other actions, R.I.G.L. sec. 9–1–13.[2] That choice turns upon the characterization of the sec. 1981 action as essentially an action to redress a violation of a tort duty, a contract right or a constitutional right which is not analogous to either tort or contract. If the latter characterization was adopted, Rhode Island's six year limitation period for all actions not "otherwise specially provided" for would apply. *See, e. g., Chatman v. United States Steel Corp.,* 425 F.Supp. 753 (N.D. Cal.1977). However, this alternative is foreclosed by two recent decisions in this Court and the First Circuit that have applied tort limitations to sec. 1983 actions. *Graffals Gonzalez v. Garcia Santiago,* 550 F.2d 687 (1st Cir. 1977); *Saunders v. State of Rhode Island,* C.A. No. 76–0376, Slip Op. at n.2 (D.R.I. May 11, 1977). Implicit in these decisions is the conclusion that constitutional wrongs have common law analogues and should not be classed in the catch-all provision for unique actions.

---

1. In dismissing plaintiff's Title VII action, this Court held that plaintiff had not stated a continuing violation that would render his Title VII action timely. This holding is totally consistent with *United Air Lines, Inc.*

2. Rhode Island does not provide a limitation period specific to federal civil rights actions. If it did, the *Johnson* decision would dictate that the more specific limitation period apply, 421 U.S. at 462, 95 S.Ct. 1716.

■ Because both *Gonzalez* and *Saunders* involved sec. 1983 actions, neither definitively disposes of whether a tort or contract characterization and limitation period are applicable to sec. 1981 actions. However, these decisions force the Court to focus upon whether sec. 1981 is so fundamentally different from sec. 1983 that the tort characterization applicable to the latter is inappropriate for the former. Sec. 1981 prohibits racial discrimination in the making and enforcement of private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Johnson v. Railway Express Agency*, 421 U.S. at 459, 95 S.Ct. 1716. Although sec. 1981 guarantees contract rights, these rights find their source in the thirteenth amendment of the constitution, not by implication or express provision in a private agreement between two parties. The same rationale that convinced the First Circuit in *Gonzalez* that the discharge of a public employee for political reasons in violation of the first amendment was a violation of a tort duty rather than a breach of contract has equal force in the context of a sec. 1981 employment discrimination action. The First Circuit wrote:

> Quoting from Dean Prosser, we have held:
>
> " 'The duties of conduct which give rise to [tort actions] are imposed by the law and are based primarily upon social policy . . . .' " *Lexington Ins. Co. v. Abarca Warehouses Corp.*, 476 F.2d 44, 46 (1st Cir. 1973).
>
> The only clear-cut federal claim stated by appellant's complaint is that he was fired for political reasons. This suggests a claim founded on *Elrod v. Burns*, [427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547] *supra*. *Elrod* imposes on government officers a duty grounded in social policies expressed by the First Amendment. Violations of that duty are torts, not breaches of contract. 550 F.2d at 688.

Examination of the source of the right not to be discriminated against in employment also persuaded the Fifth Circuit that the state's tort statute of limitations applied to sec. 1981 actions for employment discrimination. *Ingram v. Steven Robert Corp.*, 547 F.2d 1260 (5th Cir. 1977); *Page v. United States Industries, Inc.*, 556 F.2d 346 (5th Cir. 1977), *cert. denied* —— U.S. ——, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). *Accord Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *Jarvis v. Ebasco*, 14 F.E.P. Cases 1069 (D.Conn.1976); *Davis v. United States Steel Supply Division of United States Steel*, 405 F.Supp. 394 (W.D.Pa.1976); *see Gordon v. City of Warren*, 415 F.Supp. 556 (E.D.Mich.1976); *Smith v. Olinkraft*, 404 F.Supp. 861 (W.D.La.1975). Similarly, the Fourth Circuit applied Virginia's "personal injuries" statute of limitations to a sec. 1981 action, *McCrary v. Runyon*, 515 F.2d 1082, 1097 (4th Cir. 1975). Upon review, although the Supreme Court held that a private school's racially discriminatory admissions policy was actionable under sec. 1981 because the school discriminated in the making of contracts, the Court refused to overturn the Fourth Circuit's preference for the tort statute of limitations. 427 U.S. at 179–82, 96 S.Ct. 2586.

■ Like the Virginia personal injury statute of limitations, the Rhode Island "injuries to the person" statute covers injuries to personal dignity and is not limited to physical injury. In *Commerce Oil Refining Corp. v. Miner*, 98 R.I. 14, 199 A.2d 606 (1964), the Rhode Island Supreme Court held that the "injuries to the person" limitation period applied to actions for malicious prosecution. The Court wrote:

> It is then our conclusion that the phrase "injuries to the person" as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property. *Id.* at 20–21, 199 A.2d at 610.

Since this Court views the right enforced by sec. 1981 as arising from the Constitution and not from contract, the Rhode Island "injuries to the person" period would clearly apply to actions brought pursuant to that section.[3]

■ In conclusion, this Court adopts a tort characterization of sec. 1981 actions for employment discrimination, consistent with the First Circuit's treatment of a sec. 1983 action for a politically motivated discharge in *Gonzalez.* Today's decision admittedly runs counter to considerable authority in other circuits favoring a contract characterization, *e. g., Allen v. Amalgamated Transit Union,* 554 F.2d 876 (8th Cir. 1977); *Croker v. Boeing,* 437 F.Supp. 1138 (E.D.Pa.1977); *Walton v. Utility Products, Inc.,* 424 F.Supp. 1145 (N.D.Miss.1976); *Holly v. Alliance Rubber,* 380 F.Supp. 1128 (N.D.Ohio 1974).[4] The Court also rejects the analysis of some courts that have relied on the particular facts of the case to determine whether the sec. 1981 action is in the tort or contract camp, *e. g., Jackson v. Continental Oil,* 16 F.E.P. Cases 295 (D.Colo.1976); *Wright v. St. John's Hospital,* 414 F.Supp. 1202 (N.D.Okl.1976). These courts have applied a contract period when the action involved the severing of an existing contract relationship in contrast to an action

for discriminatory refusal to hire. Although this approach results in a more refined analogy, certainty, an essential virtue of a statute of limitation, is lost.[5] This Court prefers a rule that all sec. 1981 actions for employment discrimination are subject to the Rhode Island three year limitation period applicable to actions for "injuries to the person".

■ Plaintiff's last date of employment was September 6, 1971. He filed the 1981 action in this Court on May 19, 1975, more than three years from the date the cause of action accrued. Although he filed his Title VII complaint with the EEOC on January 24, 1973 and did not receive his notice to sue until March 24, 1975, this filing does not toll the statute of limitations on the sec. 1981 action, *Johnson v. Railway Express Agency, Inc.,* 421 U.S. at 463–67, 95 S.Ct. 1716. However, the Supreme Court's decision in *Johnson* against a tolling effect was issued the day this plaintiff filed his sec. 1981 complaint in federal court, long after his filing with the EEOC and the expiration of the statute of limitations on his § 1981 action. Whether the *Johnson* decision should be given retroactive effect with the result that plaintiff's § 1981 action is barred by the running of the statute of limitations,

**3.** It is unclear whether, in adopting the analogous state statute of limitations, a federal court must also look to whether state law would characterize the federal action as *ex contractu* or *ex delicto.* The Fifth Circuit suggests that the state characterization is also incorporated, *Ingram v. Steven Robert Corp.,* 547 F.2d 1260 (5th Cir. 1977). Since the state law is adopted as federal law purely as a matter of federal policy, in the absence of a statute of limitations specified by Congress, the federal court is not required to adopt the state characterization of the federal action as well. *Runyon* sanctions adoption of the state's interpretation of the coverage of its statute of limitation, but the Fourth Circuit supplied the characterization of the action as involving " 'injured feelings and humiliation' ", 427 U.S. at 182, 96 S.Ct. 2586, *quoting* 515 F.2d at 1097. In any event, *Miner* suggests that the Rhode Island characterization squares with this Court's and that the "injuries to the person" period covers this type of action.

**4.** In *Johnson v. Railway Express Agency, Inc.,* the Supreme Court only determined the limitations period appropriate to plaintiff's backpay claim. The Court followed the state one year

period for "civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes", 421 U.S. at n. 2, 95 S.Ct. at 1718. The Court noted that injunctive relief, not presently before it, might be governed by the contract or general statute of limitations, *id.* at n. 7, 95 S.Ct. 1716, but did not mention the one year period that applies to "injuries to the person". These intimations are clearly not definitive authority against the tort characterization.

**5.** The facts of the instant case illustrate the failings of the case-by-case approach. Plaintiff alleges that defendant's refusal to convert plaintiff's employment status from a casual to a permanent driver was discriminatory. Whether this states a breach of an existing contract relationship is unclear. Moreover, the class plaintiff seeks to represent would include persons who have never been employed by defendant as well as those employed as "casual" drivers. Different statutes of limitation would apply to the class under the case-by-case approach.

despite the intervening filing, is the crucial question. In reviewing facts similar to the case at bar in *Johnson*, the Supreme Court displayed little sympathy for plaintiff's misreliance on his Title VII filing, stating:

> Petitioner freely concedes that he could have filed his § 1981 action at any time after his cause of action accrued; in fact, we understand him to claim an unfettered right so to do. Thus, in a very real sense, petitioner has slept on his § 1981 rights. The fact that his slumber may have been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent. Moreover, since petitioner's Title VII court action now also appears to be time barred because of the peculiar procedural history of this case, petitioner, in effect, would have us extend the § 1981 cause of action well beyond the life of even his Title VII cause of action. We find no policy reason that excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently. 421 U.S. at 466, 95 S.Ct. at 1723.

However, *Johnson* did not speak to retroactivity and since it did not and because the complainant here did not have the benefit of that decision, we look to the criteria developed in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) for when the bar of the statute of limitation should operate retroactively—whether it overrules prior precedent or decides "an issue of first impression whose resolution was not clearly foreshadowed", whether retroactive application will further the purpose of the statute and whether inequitable hardship will result. Courts have unanimously given retroactive effect to chronologies parallel to the instant case, *e. g., Cates v. Trans World Airlines*, 561 F.2d 1064 (2d Cir. 1977); *Williams v. Phil Rich Fan Mfg. Co.*, 552 F.2d 596 (5th Cir. 1977); *Croker v. Boeing*, 437 F.Supp. 1138, 1180 (E.D.Pa.1977).

In fact, this case is the most compelling situation for retroactive application since this Court could find no rule with respect to tolling that controlled in this Circuit and the other circuits were divided on the tolling question. *E. g., Cates v. Trans World Airlines*, at 1073–1074; *Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir. 1976); *Greene v. Carter Carburetor Co.*, 532 F.2d 125, 127 (8th Cir. 1976); *Croker v. Boeing*, 437 F.Supp. at 1180. In addition, the fact that plaintiff's Title VII action was untimely, further suggests that plaintiff simply slept on his rights rather than mistakenly relied on decisions in other circuits that recognized a tolling effect. *See Cates v. Trans World Airlines*, at 1073–1074. *Johnson* has been given retroactive effect even when the circuit had a contrary precedent, *e. g., Page v. United States Industries, Inc.*, 556 F.2d 346 (5th Cir. 1977), *cert. denied* —— U.S. ——, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *Williams v. Phil Rich Fan Mfg. Co.*, 552 F.2d 596, *Jack v. Sears, Roebuck & Co.*, 14 F.E.P. Cases 283, 284 (D.D.C.1975), *a fortiori*, retroactive application is appropriate in this Circuit, which has no established precedent. Although the consequence of retroactivity is indeed severe for this plaintiff, if the discriminatory practices of which he complains persist, undoubtedly there are other claimants who are in a position now to timely file a sec. 1981 action. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. at n. 13, 95 S.Ct. 1716. Finally, because discovery has not been extensive, the financial hardship borne by the plaintiff is not unduly burdensome.

■ Although neither party has raised it, the Court has considered whether plaintiff's claims for equitable relief are necessarily barred by the running of the statute of limitations. Typically, when equitable relief is the sole remedy for violation of a federally created right, the borrowed state statute of limitation is relevant but not controlling with respect to whether the claim is barred by the equitable doctrine of laches. *Holmberg v. Armbrecht*, 327 U.S. 392, 395–96, 66 S.Ct. 582, 90 L.Ed. 743 (1946). In those purely equitable actions, the expiration of the statute of limitation only raises a presumption that plaintiff's delay was inexcusable and caused prejudice to the defendant, *Ramos v. Continental Insurance Co.*, 493 F.2d 329, 332 (1st Cir. 1974). If that presumption is successfully

rebutted by plaintiff, the action may be allowed even after the expiration of the statute of limitations.

■ The laches escape from the bar of the statute of limitation is not available to plaintiff in the instant case. According to his complaint, plaintiff brings this sec. 1981 action seeking declaratory and injunctive relief against defendant's alleged discriminatory practices, backpay without reinstatement, and punitive damages. Sec. 1981 has been held to provide "both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages". *Johnson*, 421 U.S. at 460, 95 S.Ct. at 1720. When both legal and equitable relief could be sought, that is when "it is only the scope of the relief sought . . . which gives equity concurrent jurisdiction to enforce the legal obligation here asserted", "equity will withhold its relief in such a case where the applicable statute of limitation would bar the concurrent legal remedy." *Cope v. Anderson*, 331 U.S. 461, 463–64, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947). *Accord Williams v. Walsh*, 558 F.2d 667, 670–73 (2d Cir. 1977); *Madison v. Wood*, 410 F.2d 564 (6th Cir. 1969); *Swan v. Board of Higher Education*, 319 F.2d 56, 59–60 (2d Cir. 1963); 2 Moore's Federal Practice sec. 3.07[3]. Since concurrent legal and equitable remedies are available for sec. 1981 actions, laches cannot preserve plaintiff's claims for equitable relief from the bar of the statute of limitations. A similar result was reached recently by the Second Circuit in *Williams v. Walsh*, 558 F.2d 667, 670–73 (2d Cir. 1977), wherein sec. 1983 claims for injunctive relief, including reinstatement following an unconstitutional discharge, backpay and compensatory and punitive damages were all barred by the statute of limitations without any rescue by the laches doctrine. *Williams* also clearly establishes that, even if only equitable relief were sought in the complaint, or if any legal claims in the complaint were later dropped, equitable remedies are nonetheless withheld if legal relief *could* have been sought but would have been barred by the applicable statute of limitations. Thus, even if plaintiff eliminated the claims for backpay [6] and punitive damages, the harsh reality of the statute of limitations would remain. *But see Eastland v. Tennessee Valley Authority*, 398 F.Supp. 541 (N.D.Ala.1974); *Nicholson v. Board of Commissioners of Alabama State Bar Ass'n*, 338 F.Supp. 48 (N.D.Ala. 1972) (both suggesting that when only equitable relief is actually sought, laches applies).[7]

Defendant's motion to dismiss is granted. Plaintiff's action is dismissed with prejudice.

---

6. There is substantial authority, in the context of the right to a jury trial, that supports the characterization of a sec. 1981 claim for backpay accompanying reinstatement as equitable, *e. g., Lynch v. Pan American World Airways*, 475 F.2d 764 (5th Cir. 1973); *Flores v. Local 25 International Brotherhood of Electrical Workers, AFL–CIO*, 407 F.Supp. 218, 220 (E.D.N.Y. 1976). These courts have relied on the close analogy of sec. 1981 to Title VII which authorizes the court to exercise its equitable discretion and order "reinstatement with or without backpay," *see id.* at 220, *citing Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), on the purpose of backpay to "make whole" the victim of discrimination, *Lynch*, 475 F.2d at 766, and on the fact that backpay is usually incidental to the equitable remedy of reinstatement. In light of their rationales, these courts might well refuse to view a claim for backpay as equitable when not part of a request for reinstatement. In the instant case, since plaintiff has not sought reinstatement, the backpay claim, as well as the claim for punitive damages, could be fairly characterized as legal. *See Monell v. Department of Social Services*, 532 F.2d 259, 267 (2d Cir. 1976), *cert. granted on other grounds*, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977). The Supreme Court assumed as much without discussion in *Johnson v. Railway Express, Inc.*, 421 U.S. at n. 2, n. 7, 95 S.Ct. 1716, by applying the statute of limitations for "compensatory and punitive damages" to the backpay claim.

7. The Fifth Circuit has indicated that laches is applicable to claims under sec. 1981 for both injunctive relief and backpay. *Franks v. Bowman Transportation Co.*, 495 F.2d 398, 406 (5th Cir. 1974). However, the *Franks* Court discussed only the operation of laches to cut short, not extend, the limitation period.