Patricia C. COX

v.

ATHENA CABLEVISION.

Civ. No. 3-82-455.

United States District Court,
E.D. Tennessee, N.D.

Nov. 22, 1982.

Phillip P. Durand, Knoxville, Tenn., for plaintiff.

Courtney N. Pearre, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Plaintiff has filed this employment discrimination suit claiming violations of 42 U.S.C. §§ 1983, 2000e–3. Defendant has filed a motion to dismiss plaintiff's § 1983 claim and a motion to strike plaintiff's request for a jury trial. Plaintiff has responded with a motion to amend the pretrial order to allow her to prove her § 1983 claim.

Defendant, a private corporation, installs and operates a cable television system under authority of a franchise granted by the city of Knoxville, Tennessee. Plaintiff was employed by defendant until discharged under circumstances which she claims constituted sex discrimination. Defendant moves this Court to dismiss the § 1983 action because plaintiff's dismissal was not under color of law. Plaintiff claims defendant's private action was under color of law because defendant is regulated and licensed by the city.

■ The mere fact that a private corporation is licensed and regulated by a city does not transform that corporation's actions into state action for purposes of 42 U.S.C. § 1983. *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Moro v. Telemundo, Inc.,* 387 F.Supp. 920 (D.P.R.1974). Additional factors considered by other courts in determining whether private action is under color of law all weigh in favor of dismissing the § 1983 claim. Defendant is not performing a traditionally governmental function. The city's regulation of defendant does not entangle the city with defendant's business. Defendant does not receive financial assistance from the city. *See e.g. Schlein v. Milford Hospital,* 383 F.Supp. 1263 (D.Conn. 1974).

■ Plaintiff also believes she was discharged under color of law because the city ordinance governing cable television requires that defendant not discriminate on the basis of sex. This requirement does not cause otherwise private action to be under color of law. The purpose of this requirement is to protect the city from suit. *See* 407 U.S. 163 at 177–79, 92 S.Ct. 1965 at 1973–74. Plaintiff's reliance upon *Byrd v. Local 24, International Brotherhood of Electrical Workers,* 375 F.Supp. 545 (D.Md. 1974) is not appropriate. In that case the state regulated *and supervised* the otherwise private action. Merely prohibiting discrimination does not amount to supervision.

■ Because this Court decides as a matter of law that plaintiff has no claim under

42 U.S.C. § 1983, plaintiff's motion to amend the pre-trial order must be denied. Additionally, plaintiff is not entitled to a jury to decide her 42 U.S.C. § 2000e–3 claim. The remedy under this statute is a matter of equity that allows no right to jury trial. 42 U.S.C. § 2000e–5(g). *See e.g. Booker v. Electrical Workers Union, Local 2021,* 431 F.Supp. 1035 (W.D.Okl. 1977); *Polstorff v. Fletcher,* 430 F.Supp. 592 (N.D.Ala.1977).

It is therefore ORDERED that defendant's motion to dismiss plaintiff's 42 U.S.C. § 1983 action be, and the same hereby is, granted. It is further ORDERED that defendant's motion to strike plaintiff's request for a jury be, and the same hereby is, granted. It is further ORDERED that plaintiff's motion to amend the pre-trial order be, and the same hereby is, denied.

Order Accordingly.