Robert A. WONDZELL, Appellant,

v.

ALASKA WOOD PRODUCTS, INC., and Lumber Production and Industrial Workers Local 2362, Appellees.

ALASKA WOOD PRODUCTS, INC., and Lumber Production and Industrial Workers Local 2362, Cross-Appellants,

v.

Robert A. WONDZELL and the Alaska State Commission for Human Rights, Cross-Appellees.

Nos. 2792, 2804.

Supreme Court of Alaska.

June 1, 1979.

Dissenting Opinion Oct. 15, 1979.

Robert H. Wagstaff and R. Collin Middleton, Wagstaff & Middleton, Anchorage, for appellant/cross-appellee Wondzell.

Carolyn Jones, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for cross-appellees The Alaska State Commission for Human Rights.

M. T. Thomas, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellee/cross-appellant Alaska Wood Products.

Bernard Jolles, Portland, Or., and Stephen J. Pearson, Ely, Guess & Rudd, Juneau, for appellee/cross-appellant Lumber Production and Industrial Workers Local 2362.

Before BOOCHEVER, C. J., and RABI-NOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION ON REHEARING

MATTHEWS, Justice.

In our prior opinion in this case, 583 P.2d 860 (1978), we concluded that the reasonable accommodation of a worker's religious beliefs implicitly required by AS 18.80.-220(a),[1] does not require a union to allow a worker to pay an amount equivalent to union dues to a charity selected by the union. We relied on two cases in point, *Yott v. North American Rockwell Corp.*, 428 F.Supp. 763 (C.D.Cal.1977), and *Anderson v. General Dynamics Convair Aerospace Division*, 430 F.Supp. 418 (S.D.Cal.1977), and distinguished cases reaching the opposite result such as *McDaniel v. Essex International, Inc.*, 571 F.2d 338 (6th Cir. 1978), and *Maine Human Rights Commission v. Local 1361, United Paperworkers International Union*, 383 A.2d 369 (Maine 1978). *Anderson* and *Yott* relied on the strong suggestion in the prior Ninth Circuit Court of Appeals opinion, *Yott v. North American Rockwell*, 501 F.2d 398, 402, 403 nn. 6 and 7 (1974), that it would be undue hardship to preclude a union from receiving dues from a worker resisting payment on religious grounds.

On petition for rehearing Wondzell has pointed out that one week prior to publication of our decision, the Ninth Circuit Court of Appeals overruled *Anderson* and issued an opinion in a companion case holding that substitute payments to a charitable organization in lieu of union dues are not *per se* an undue hardship on a union and they therefore may be required under the duty of reasonable accommodation. *Anderson v. General Dynamics Convair Aerospace Division*, 589 F.2d 397 (9th Cir. 1978); *Burns v. Southern Pacific Transportation Co.*, 589 F.2d 403 (9th Cir. 1978). Neither of the cases on which we relied is now good law. We are aware of no other case involving similar facts which supports our prior opinion.

*Anderson* and *Burns* are particularly important to this case for several reasons. First, the state law duty to accommodate is potentially governed by a federal law limitation contained in the National Labor Relations Act, 29 U.S.C. §§ 158–159, which authorizes a union shop and allows the discharge of an employee who does not pay union dues. No state law result which contravened the prevailing federal court interpretation of these sections of the National Labor Relations Act could long survive. An action for declaratory judgment in federal court would insure that the court of appeals' interpretation would prevail. However, no such result is now in the offing because the court of appeals in *Anderson*, while recognizing the conflict between the National Labor Relations Act and the Civil Rights Act of 1964, has determined that the former does not preclude a plan of substitute payment to charity. 589 F.2d at 400–401.

Second, our prior decision permits conduct now prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[2] Thus the decision will be of no practical effect in the broad range of cases where there is overlapping federal and state jurisdiction. Further, we have repeatedly recognized that AS 18.80.220(a) is not only "modeled on" the federal law, thus making federal case law relevant, *Wondzell*, 583 P.2d at 863, but is intended to be more broadly interpreted than federal law to further the goal of eradication of discrimination. *Hotel Employees Local 879 v. Thomas*, 551 P.2d 942, 946, 947 (Alaska 1976); *Loomis Electronic Protection, Inc. v. Schaefer*, 549 P.2d 1341, 1343 (Alaska 1976). "In view of the strong statement of purpose in enacting AS 18.80," and our legislature's intent "to put as many 'teeth' into the statute as possible," *McLean v. State*, 583 P.2d 867, 869 (Alaska 1978); *Loomis*, 549 P.2d at 1343, it would be anomalous to

---

1. Text set forth 583 P.2d at 862 n. 2.

2. Discussed in our prior opinion, 583 P.2d at 863–865.

interpret state law as not requiring accommodation by a labor union, when in many instances that same accommodation could not be compelled by an employee invoking the proper procedures under 42 U.S.C. § 2000e.

In view of the decisions of the court of appeals in *Anderson* and *Burns* we vacate the result reached in our prior opinion. The question remains whether a remand on the issue of undue hardship to the union is necessary. The burden of proving undue hardship lies with the union and the employer. *Anderson*, 589 F.2d at 401–02; *Burns*, 589 F.2d at 405. The record reveals no employee other than Wondzell who is subject to the local's jurisdiction and who shares Wondzell's theological anti-union beliefs. Since union dues are only $6.75 per month, the hardship to the union cannot be regarded as undue. If, at some future time, the union experiences a wide-spread refusal to pay dues based on professed religious beliefs, undue hardship may be established. *See Burns*, 589 F.2d at 407.

REVERSED AND REMANDED for further proceedings consistent with the views herein expressed.

CONNOR, Justice, dissenting.

I am still not convinced that *Anderson v. General Dynamics Convair Aerospace Division*, 589 F.2d 397 (9th Cir. 1978), or *Burns v. Southern Pacific Transportation Co.*, 589 F.2d 403 (9th Cir. 1978), provide the proper legal resolution of the problem presented in the case at bar. To require factual inquiries as to what further accommodation can be made is to adopt a rule which requires undue litigation of a question that must, in the last analysis, be one of drawing a line between two statutes which prescribe conflicting, opposite goals. To cast the burden upon the employer and the union to demonstrate further their ability to give way to Wondzell's demands is really a roundabout way of saying that the employee's religious scruples must take precedence over the principle of the union shop which is deeply embedded in federal labor law. In light of *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977), I do not believe that the employer and union were required to give way any more than they did.

Thus, I respectfully dissent from the majority opinion on rehearing, and would affirm the judgment of the superior court.