## KING v. OKLAHOMA TAX COMMISSION.

No. 31482. Sept. 19, 1944.

*151 P. 2d 918.*

Thompson & Braly, of Ada, for plaintiff in error.

E. L. Mitchell and W. F. Speakman, both of Oklahoma City, for defendant in error.

RILEY, J. This is an action to recover an alleged overpayment of income tax for the year 1941.

Plaintiff in error was plaintiff below.

The facts are not in dispute. The question involved is one of law depending upon the interpretation of the term "sale or other disposition of property," as used in Title 68, sec. 883, subd. d(2), O. S. 1941.

October 10, 1934, the Carter Oil Company made, executed, and delivered its promissory note of that date in the sum of $52,300, due March 1, 1941, payable to B. C. King.

B. C. King died testate November 21, 1937, and in his will bequeathed a one-third interest of his property, including the note above mentioned, to his wife Edna E. King, plaintiff herein.

Decree of distribution was entered in the county court of Pontotoc county February 28, 1941. Thereby plaintiff became the owner of a one-third interest in said note. The note was appraised and valued at $41,426.50, as of November 21, 1937. The fair market value of plaintiff's one-third interest in the note, as of the date she acquired it, was $13,808.83.

On March 1, 1941, the Carter Oil Company paid said note in full, whereby plaintiff received as her one-third interest the sum of $17,433.33, being $3,624.50 more than the fixed or appraised value of her interest in the note at the time she received it.

Plaintiff returned the net taxable gain on the transaction at $1,812.25, and paid income tax accordingly.

July 8, 1942, defendant, on amended audit of the return, added additional income on realization of gain on the note transaction, in the sum of $1,812.25. Additional income tax with interest in the total sum of $169.10 was assessed. Plaintiff paid said tax under protest and commenced this action to recover.

The case was tried upon a stipulation showing the facts. Judgment was for defendant, and plaintiff appeals.

Plaintiff admits her total gain on the note transaction was $3,624.50, but contends that since she held the interest in the note for more than 24 months, only 50% of the gain was taxable under Title 68, sec. 883, subd. d(2), O. S. 1941, which provides:

"(2) In the case of an individual the following percentages of the gain or loss recognized upon the sale or other disposition of a capital asset (computed under the provisions of subsection (a) adjusted as provided in subsection (c)-) shall be taken into account in computing net income: ***Fifty (50%) per centum if the capital asset has been held for more than twenty-four (24) months."

Plaintiff does not contend that the surrender of the note to the Carter Oil Company, on payment thereof, was a sale of the note so as to bring it within the 50% provision of the statute, but does claim that it was "other disposition" of the note within the meaning of the statute so that she was liable for tax on but 50% of the gain.

Plaintiff cites no authority directly in point sustaining her contention. She depends upon the definition of the words "disposition" and "other" as given in standard dictionaries. Defendant contends that the rule of *ejusdem generis* applies to the phrase "sale or other disposition" as used in the statute, and in order for the 50% provision to apply, the capital asset must be disposed of by sale or other disposition similar to or in the nature of a sale.

The simple definition of the word "disposition" or the words "other disposition" standing alone, as given in standard dictionaries, sheds but little light on the question. The word "disposition," used as a noun, has various meanings, depending upon the context and the subject matter in connection with its use.

The words "sale or other disposition" are frequently used in statutes relating to various subjects.

One case cited by plaintiff tends to sustain the contention of defendant.

In Alcolea v. Smith, 150 La. 482, 90 So. 769, 24 A.L.R. 815, the court, in considering a statute relating to authorizing the "sale or other disposition" of a pledge, held that the words "other disposition" following the word "sale" means an alienation or parting with in the restricted meaning attributed by the doctrine of *ejusdem generis*.

In First Savings Bank of Ogden v. Burnet, 53 Fed. 2d 919, the Circuit Court of Appeals of the District of Columbia in discussing a federal statute wherein the phrase "sales or other dis-

position" are found in a statute in the exact language of the statute of the state, said:

"The question remains whether the transfer, even if not a sale, responds to the description of 'other disposition' of property as employed in the statute. This question is not free from doubt; but we feel constrained to hold that the rule of *ejusdem generis* is applicable in construing the phrase, and that it relates only to such dispositions of property as are like sales."

In Bingham v. Commissioner of Internal Revenue, 105 Fed. 2d 971, it is said:

"One would not ordinarily speak of the surrender of a note to its maker as the sale of the note to him even though the surrender was for full consideration or when the amount due on it was paid in cash."

Neither business men nor lawyers call the compromise of a note or the surrender thereof upon payment a sale to the maker. In such case, in point of law and in legal parlance, property in the note as capital assets is extinguished, not sold. Hale v. Helvering, 85 Fed. 2d 819.

We hold that the rule ejusdem generis is applicable in construing the phrase relied upon, and in order to come within the 50% provisions of the statute there must be a sale of the property or a disposition thereof like, or in the nature of, a sale.

Affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.