**Nancy A. GILLIN, Plaintiff,**

v.

**FEDERAL PAPER BOARD CO., Inc., Defendant.**

**Civ. No. 12287.**

United States District Court, D. Connecticut.

Feb. 15, 1970.

Ruling On Claim For A Jury Trial

July 13, 1970.

James R. Greenfield, William N. Vishno, New Haven, Conn., for plaintiff.

Donald F. Keefe, New Haven, Conn., for defendant.

## PRE-TRIAL RULING ON ADMISSION OF EVIDENCE

ZAMPANO, District Judge.

In this action the plaintiff, Nancy A. Gillin, claims that her employer's refusal to promote her from assistant traffic manager to the position of traffic manager constituted discrimination based solely on sex, in violation of the provisions of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq.

Mrs. Gillin was an employee of the defendant, Federal Paper Board Co., Inc., between 1957 and July 18, 1966. She claims she worked as the assistant traffic manager for the firm for five years prior to March, 1966. At that time the defendant advertised an opening for a traffic manager of its New England division of operations. Mrs. Gillin applied for the job but was allegedly informed that the position was not suitable for a woman, and her application was rejected. On March 21, 1966, Mrs. Gillin filed a complaint with the Equal Employment Opportunity Commission. After a lengthy investigation, the Commission decided there was reasonable cause to believe that the defendant had violated the Act. Conciliation efforts failed and this suit was instituted, pursuant to 42 U.S.C. § 2000e–5. The defendant has denied the material allegations of the complaint.

The parties now request of the Court a pre-trial ruling on the admissibility of the Commission's entire file in this case. The issue as framed is an extremely narrow one. The ruling sought concerns only whether the Commission's decision (Ex. 1) and the field investigation report (Ex. 2) *in toto* are within the broad reaches of the Federal Business Records Act, 28 U.S.C. § 1732.[1] If either one or both exhibits are found not to be within the language of the Act, both sides reserve the right to introduce any portion of the exhibits at trial on other grounds, such as for purposes of impeachment, admissions, etc.

Exhibit 1 is the Commission's three-page decision, consisting of a summary of the charges, a brief review of the facts developed in its investigation, and its finding of probable cause that

---

1. Section 1732 provides:
"(a) In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter."

violations existed. The decision was prepared in the regular course of the Commission's business and in accordance with express statutory authority. 42 U.S.C. § 2000e–5(e). In the instant case it provided the plaintiff with notice that the Commission was unable to obtain voluntary compliance, a jurisdictional precondition to the commencement of this action. The Commission is not a party to the suit, and the report on its face has all the earmarks of trustworthiness and reliability. The Commission's decision therefore, qualifies as a business record under 28 U.S.C. § 1732.[2] Vaccaro v. Alcoa Steamship Company, 405 F.2d 1133 (2 Cir. 1968); Pekelis v. Transcontinental & Western Air, 187 F.2d 122 (2 Cir.), cert. denied 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374 (1951).

Exhibit 2 may be divided into four parts: (a) pages 8–15, the field report of investigator Ring who concluded that violations occurred, (b) pages 16–176, the underlying material accumulated by Mr. Ring to support his conclusion, (c) pages 177–188, the field report of investigator Holt who found that no violations existed, and (d) pages 189–260, the underlying material compiled by investigator Holt to support his determination. The Court has read each item in the exhibit. Among other things, the exhibit contains written statements by and reports of interviews with the plaintiff, statements by and reports of interviews (sworn and unsworn) with various co-employees and officials of the company, copies and summaries of company records and papers, newspaper articles, and various other documents obtained from sources not explained. Some of the documents have been marked with comments by an unidentified person.

While it has been emphasized that the Federal Business Records Act should be liberally administered and not interpreted in a "dryly technical way," Korte v. New York, N. H. & H. R. Co., 191 F.2d 86, 91 (2 Cir.), cert. denied, 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652 (1951), we have also been instructed that "literal compliance with the mechanical prerequisites of the statute is not always sufficient to make a record admissible * * * the records or the circumstances under which they are kept should indicate an 'inherent probability of trustworthiness' for the purpose for which they are offered." Bowman v. Kaufman, 387 F.2d 582, 587 (2 Cir. 1967). In this Court's opinion Exhibit 2 is a mishmash of self-serving and hearsay statements and records which contain conflicting opinions, comments and inferences drawn by investigators, potential witnesses, and unidentified persons. This maze of material would thwart rather than ease the trier's efforts. Credibility of the witnesses will play a major role in resolving the conflicting positions of the parties here; justice requires that the testimony of the witnesses be given in open court, under oath, and subject to cross-examination. On the record before this Court the tests of need, reliability, and trustworthiness have not been met and, therefore, Exhibit 2 as a unit is not admissible as a business record under 28 U.S.C. § 1732. Yates v. Bair Transport, Inc., 249 F.Supp. 681, 682–688 (S.D.N.Y.1965).

Parenthetically, it seems appropriate to alert counsel to a matter not raised nor argued. At the pre-trial hearing, the defendant conceded the plaintiff's right to a jury trial. Research discloses that the plaintiff's demand requires fur-

---

2. The Commission's decision, however, may still be subject to exclusion on grounds of relevancy. See Hart v. Buckeye Industries, Inc., 46 F.R.D. 61, 62–63 (S.D. Ga.1968); King v. Georgia Power Company, 295 F.Supp. 943, 948–949 (N.D.Ga. 1968).

ther scrutiny. See Cheatwood v. South Central Bell Telephone & Tel. Co., 303 F.Supp. 754 (M.D.Ala.1969). Since the matter is not free from doubt, see Harkless v. Sweeny Independent School District, 278 F.Supp. 632 (S.D.Tex.1968), the Court suggests that the issue be resolved by the filing of an appropriate motion and the submission of memoranda of law.

## RULING ON CLAIM FOR A JURY TRIAL

Plaintiff claims a jury trial upon her complaint which charges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. The parties recognize that plaintiff is not entitled to a jury trial in this case as a matter of right either under Title VII or the Seventh Amendment.[1] Plaintiff, with defendant's acquiescence, moves the Court to exercise its discretion to permit a jury trial under Rule 39, Fed.R.Civ.P. This request is strenuously opposed in an *amicus* brief filed by the United States Equal Employment Opportunity Commission as being in violation of all precedent as well as the Act's legislative history. See 110 Cong.Rec. 7255 (1964).

The Court sees no reason to exercise its discretion and to deviate in this case from the well established precedent holding that monetary claims such as plaintiff's in an action under Section 706(e) of the 1964 Civil Rights Act do not call for a jury trial.

Accordingly, the plaintiff's motion is denied, and her case is ordered assigned to the court trial docket.

1. See, e. g., Johnson v. Georgia Highway Express Co., 417 F.2d 1122 (C.A. 5, 1969); Hayes v. Seaboard Coast Line Railroad Co., 46 F.R.D. 49, 52–53 (S.D. Ga., 1968); Cheatwood v. South Central Bell Telephone and Telegraph Co., 303 F.Supp. 754, 755–756 (M.D.Ala., 1968); Note, "The Right to Jury Trial Under Title VII of the Civil Rights Act of 1964," 37 Chi.L.Rev. 167 (1969).