**LOOMIS ELECTRONIC PROTECTION, INC., Petitioner,**

**v.**

**Paddy J. SCHAEFER, Respondent.**

**No. 2684.**

Supreme Court of Alaska.

May 14, 1976.

Robert L. Eastaugh, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for petitioner.

Peter J. Aschenbrenner, Aschenbrenner & Savell, Fairbanks, for respondent.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

### OPINION

BURKE, Justice.

Petitioner, Loomis Electronic Protection, Inc., seeks review of an order granting respondent Schaefer's motion to strike its demand for a jury trial, in a suit alleging discriminatory hiring practices. The precise question that we are asked to consider is whether, in a civil action based upon an alleged violation of AS 18.80.-

220(a)(1),[1] the parties are entitled to a jury trial. Believing the matter to be of sufficient importance to justify departure from the usual practice of allowing an appeal only after entry of a final judgment, we have granted review.[2]

Art. I, Sec. 16 of the Constitution of Alaska provides, in part:

> In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved *to the same extent as it existed at common law*. (emphasis added) [3]

Such language is similar to that found in the Seventh Amendment to the Constitution of the United States. The latter provides:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Respondent's complaint alleges that petitioner refused to hire her because of her sex. AS 18.80.220(a)(1) makes it unlawful for an employer to refuse employment to a person because of his or her sex, unless the reasonable demands of the position require such a distinction. AS 22.10.020(c) gives the superior court original jurisdiction over suits arising under the foregoing section and provides, in part:

> The court may enjoin any act, practice or policy which is illegal under AS 18.80 . . . and *may order any other relief, including the payment of money, that is appropriate*. (emphasis added)

AS 18.80 was enacted in 1965 and, with respect to discrimination in employment, is similar to Title VII of the U.S. Civil Rights Act of 1964.[4] The relief provision in Title VII empowers the court to

> enjoin the respondent from engaging in . . . unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or *any other equitable relief as the court deems appropriate*. (emphasis added)[5]

The federal courts, dealing with the jury trial question under Title VII, have consistently held that there is no Seventh Amendment right to a jury trial in such actions since they are equitable in nature.[6] Thus, in *Slack v. Havens*, 522 F.2d 1091,

---

1. AS 18.80.220(a)(1) provides:
   *Unlawful employment practices.* (a) It is unlawful for
   (1) an employer to refuse employment to a person, or to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, religion, color or national origin, or because of his age, physical handicap, sex, marital status, changes in marital status, pregnancy or parenthood when the reasonable demands of the position do not require distinction on the basis of age, physical handicap, sex, marital status, changes in marital status, pregnancy or parenthood . . .

2. *See* Rules 5, 23 and 24, Alaska Rules of Appellate Procedure.

3. Additionally, Rule 38(a), Alaska Rules of Civil Procedure, provides:
   The right of trial by jury as declared by section 16 of article I of the constitution, or as given by a statute of the state, shall be preserved to the parties inviolate.

4. 42 U.S.C.A. § 2000e.

5. 42 U.S.C.A. § 2000e–5(g).

6. *See, e. g., Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975); *EEOC v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975); *Robinson v. Lorillard*, 444 F.2d 791 (4th Cir. 1971), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express*, 417 F.2d 1122 (5th Cir. 1969); *EEOC v. Painters Local*, 384 F.Supp. 1264 (D.S.D.1974); *Lowry v. Whitaker Cable Corp.*, 348 F.Supp. 202 (W.D.Mo. 1972); *United States v. Ambac Industries*, 15 Fed.Rules Serv.2d 607 (D.Mass.1971); *Gillin v. Federal Paper Board Co.*, 52 F.R.D. 383 (D.Conn.1970). *See also Albermarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

1094 (1975), the United States Court of Appeals, Ninth Circuit, said:

> It is well established that a jury trial is required only if a statute creates legal rights and remedies enforceable in the ordinary courts of law. (citations omitted) [7]

Schaefer argues that the relief envisioned by her complaint, under the state statute, is also entirely equitable, and that, therefore, Loomis has no right to .a jury trial.[8] We disagree.

■ Title VII of the federal act contemplates *only* equitable relief.[9] No such limitation is found in the language of AS 22.10.020(c). After authorizing the superior· court to enjoin illegal activities, through the application of its traditional powers of equity, the legislature of Alaska went on to authorize the court to order *any other relief, including the payment of money.* The language of the statute is clearly intended to provide a litigant complete relief in an appropriate case. In view of the strong statement of purpose [10] in enacting AS 18.80, and its avowed determination to protect the civil rights of all Alaska citizens, we believe that the legislature intended to put as many "teeth" into this law as possible. We fail to see how, consistent with that purpose and intent, the legislature could have contemplated a statutory scheme that would not have included the right to recover damages. Otherwise, there would be many cases in which no meaningful relief would be available to the injured party, the one whose civil rights have been violated and whom the law seeks to protect.[11] We believe that the broad language of AS 22.10.020(c) indicates a legislative intent to authorize an award of compensatory and punitive damages for violations of AS 18.80, in addition to the equitable remedies such as enjoining illegal employment activities and ordering back pay as a form of restitution.[12]

7. *See also Parsons v. Bedford,* 3 Pet. (28 U.S.) 433, 447, 7 L.Ed. 732, 737 (1830), where Mr. Justice Story said:

> In a just sense, the [Seventh] amendment, then, may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights.

8. We note that the complaint in the instant case seeks employment, back pay, interest, costs, attorney's fees, and other compensatory and punitive damages.

9. It is important to note that,

> In Title VII cases the courts of appeals have characterized back pay as an integral part of an equitable remedy, a form of restitution. *Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 39 L.Ed.2d 260, 268 (1974).

10. AS 18.80.200 provides:

> *Purpose.* (a) It is determined and declared as a matter of legislative finding that discrimination against an inhabitant of the state because of race, religion, color, national origin, age or sex is a matter of public concern and that such discrimination not only threatens the rights and privileges of the inhabitants of the state but also menaces the institutions of the state and threatens peace, order, health, safety and general welfare of the state and its inhabitants.

> (b) Therefore, it is the policy of the state and the purpose of this chapter to eliminate and prevent discrimination in employment, in places of public accommodation, in housing accommodations and in the sale or lease of unimproved property because of race, religion, color, national origin, or, in the case of employment, because of sex or age. (§ 6 ch. 117 SLA 1965)

11. The right which respondent seeks to enforce has been deemed a "civil right" by AS 18.80.210. We also are mindful of Art. I, Sec. 1 of the Constitution of Alaska, which provides in part: "This constitution is dedicated to the principles that . . . all persons are equal and entitled to equal rights."

12. The salutory effect of allowing damages is well illustrated by the following comments, concerning Title VII of the U.S. Civil Rights Act of 1964:

> [I]t is apparent that the remedies Congress explicitly provided often are not sufficient to carry out effectively the purposes of the legislation. Back pay awards are frequently insignificant because interim earnings are deducted, and the value of reinstatement may be negligible because by the time these cases are resolved the plain-

In *Curtis v. Loether*, 415 U.S. 189, 94 S. Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court of the United States held that the Seventh Amendment to the Constitution of the United States [13] required a jury trial in an action based upon an alleged violation of the fair housing provisions of Title VIII of the Civil Rights Act of 1968.[14] The relief provision of Title VIII permits an award of "actual damages and not more than $1,000 punitive damages".

In *Curtis*, the plaintiff, a black woman, sought injunctive relief plus compensatory and punitive damages for the defendant's alleged refusal to rent her an apartment because of her race. Recognizing the action as one to enforce a "legal right", Mr. Justice Marshall, writing for a unanimous court, said:

> Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.
>
> .   .   .   .   .   .
>
> We think it is clear that a damages action under [Title VIII] is an action to enforce "legal rights" within the meaning of our Seventh Amendment. [citation omitted] A damages action under the statute sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. As the Court of Appeals noted, this cause of action is analogous to a number of tort actions recognized at common law. More important, the relief sought here —actual and punitive damages—is the traditional form of relief offered in the courts of law. (footnotes omitted) [15]

■ Similarly, in the instant case, where part of the relief sought is compensatory and punitive damages, we believe that Art. I, Sec. 16, of the Constitution of Alaska guarantees the parties the right to a jury trial.[16] Accordingly, the order of the superior court, striking petitioner's demand for a trial by jury, should not have been entered.

■ Respondent makes two additional arguments that we address briefly. First, she argues that jury trials should not be allowed in discrimination cases, as a matter of policy, because of prejudice that may exist among the members of a jury select-

---

tiff usually has found another job. Furthermore, there is no explicit provision designed to redress mental suffering and other intangible injuries:  .   .   .   . Comment, *Implying Punitive Damages in Employment Discrimination Cases*, 9 Harv.Civ. Rights—Civ.Lib.L.Rev. 325, 336 (1974). (footnote omitted) Compensatory damages may be an excellent means of affording complete relief in a variety of circumstances in which back pay is inappropriate or sufficient. *Id.* at 366–70. Punitive damages can also serve a number of desirable functions when properly awarded, including deterrence of continued discrimination. *Id.* at 334–37. *See also Developments in the Law: Employment Discrimination and Title VII of the Civil Rights Acts of 1964*, 84 Harv.L.Rev. 1109 (1971).

13. The Seventh Amendment, as already noted in the text, provides:
    In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

14. 42 U.S.C.A. § 3612.

15. 415 U.S. at 194–196, 94 S.Ct. at 1008–1009, 39 L.Ed.2d at 266–267. The court in *Curtis* also observed that the right to a jury trial "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought". 415 U.S. at 196, 94 S.Ct. at 1009, 39 L.Ed.2d at 267, n. 11.

16. There has always been a strong policy favoring jury trials in Alaska. *See Johansen v. State*, 491 P.2d 759 (Alaska 1971) (contempt proceedings for non-payment of child support) ; *R. L. R. v. State*, 487 P.2d 27 (Alaska 1971) (delinquency proceedings under Children's Rules) ; *State v. Browder*, 486 P.2d 925 (Alaska 1971) (proceedings for direct criminal contempt) ; *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970) (prosecution for violation of a city ordinance).

ed from the general populace. In answer to a similar argument, the court in *Curtis* said:

> We recognize . . . the possibility that jury prejudice may deprive a victim of discrimination of the verdict to which he or she is entitled. Of course, the trial judge's power to direct a verdict, to grant judgment notwithstanding the verdict, or to grant a new trial provides substantial protection against this risk, and respondents' suggestion that jury trials will expose a broader segment of the populace to the example of the federal civil rights laws in operation has some force, more fundamentally, however, these considerations are insufficient to overcome the clear command of the Seventh Amendment. . . . (footnote omitted) [17]

The same reasoning compels us to reject respondent's argument in this case. In our view the command of Art. I, Sec. 16, is equally clear.

Finally, respondent argues that her complaint could well have been the subject of an administrative hearing before the State Human Rights Commission, where there would be no jury, and that it would, therefore, "be anomalous to grant a jury trial" in the same action filed in superior court. Again, we find that a similar argument was made in *Curtis*, where the court, in discussing two cases holding there was no constitutional right to a jury trial in administrative proceedings, stated:

> These cases uphold congressional power to entrust enforcement of statutory rights to an administrative process or specialized court of equity free from the strictures of the Seventh Amendment. But where Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law. (footnote omitted) [18]

The same reasoning applies in the instant case.

REVERSED and REMANDED for trial by jury.

17. 415 U.S. at 198, 95 S.Ct. at 1010, 39 L.Ed.2d at 268–269.

18. 415 U.S. at 195, 95 S.Ct. at 1009, 39 L.Ed.2d at 267.