No. 88-569

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

JIM ROMERO,

          Plaintiff and Appellant,

   -vs-

J & J TIRE, JMH, INC., a Montana
corporation, and KENT JOHNSON,

         Defendants and Respondents.

_____

APPEAL FROM:  District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joe Nascimento; Montana Law Center, Helena, Montana

    For Respondent:

        Mike McCarter; Hughes, Kellner, Sullivan & Alke,
        Helena, Montana

    Intervenor:

        David Rusoff, Montana Human Rights Commission, Helena,
        Montana

_____

           Submitted on Briefs:  June 1, 1989

             Decided: July 11, 1989

Filed:

_____
             Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The District Court for the First Judicial District, Lewis and Clark County, dismissed plaintiff Romero's complaint of discrimination in employment for failure to comply with the Montana Human Rights Act. Romero appeals. We affirm.

The issues are:

1. Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by requiring a person to file a race discrimination claim with the Montana Human Rights Commission prior to bringing an action in district court?

2. Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by providing that orders in discrimination cases may not include punitive damages?

3. Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by providing a hearing before the Human Rights Commission rather than providing a trial by jury?

Romero brought this action in December 1987 alleging that the defendants discriminated against him in employment based upon his race, resulting in his constructive discharge from their employ. Defendants filed a motion to dismiss on the grounds that the District Court lacked subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted. This was based on Romero's failure to go through administrative proceedings with the Human Rights Division before filing his complaint in District Court. Romero's response to the motion to dismiss alleged that the administrative procedure provided for in the

2

Montana Human Rights Act, §§ 49-2-101 through -601, MCA, (the Act) is unconstitutional.

The District Court treated Romero's constitutional challenge as a request for a declaratory judgment. The Montana Human Rights Division intervened in the action. The court granted defendants' motion to dismiss, finding that Romero failed to show that the Act was unconstitutional.

In January 1989, the Human Rights Commission issued Romero a right-to-sue letter, which would allow him to file his claim in District Court within 90 days. He did not do so. The Human Rights Commission argues that this appeal should be dismissed because it is moot: all the relief requested except punitive damages could have been obtained following receipt of the right-to-sue letter. However, because the constitutional questions raised here are capable of repetition, yet could evade review, we will consider the issues raised on appeal. See Matter of N.B. (1980), 190 Mont. 319, 322-23, 620 P.2d 1228, 1230-31.

I.

Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by requiring a person to file a race discrimination claim with the Montana Human Rights Commission prior to bringing an action in district court?

The constitutionality of a statute is presumed; the party challenging it has the burden of proving it unconstitutional beyond a reasonable doubt. Fallon County v. State (Mont. 1988), 753 P.2d 338, 339, 45 St.Rep. 748, 750.

In Drinkwalter v. Shipton Supply Co., Inc. (Mont. 1987), 732 P.2d 1335, 44 St.Rep. 318, this Court held that a victim of sexual harassment could file her complaint directly in district court, without going through the administrative procedures outlined in the Act. After that decision, the

1987 Legislature enacted § 49-2-509(7), MCA, with an immediate effective date. That section provides that the Act establishes the exclusive remedy for acts constituting a violation thereof and that no claim for relief based upon such acts may be entertained by a district court other than by the procedures the Act specifies. The Act requires that a claimant must file a complaint before the Human Rights Commission, which has 12 months in which to hold a contested case hearing, before a case may be filed in district court. Section 49-2-509(1), MCA. Romero argues that this requirement denies him equal protection of the law and access to the courts as guaranteed under U.S. Const. amend. V and XIV and Art. II, secs. 4, 16, and 17, Mont. Const.

Romero cites White v. State (1983), 203 Mont. 363, 661 P.2d 1272, and Pfost v. State (1985), 219 Mont. 206, 713 P.2d 495, as authority. Both cases were overruled in relevant part in Meech v. Hillhaven, No. 88-410 (Mont. June 29, 1989). Moreover, those cases both dealt with limitations on remedies, not procedural requirements.

We look instead to Linder v. Smith (Mont. 1981), 629 P.2d 1187, 38 St.Rep. 912, in which this Court upheld the constitutionality of the Montana Medical Malpractice Act. Under that act, a litigant is required to go through administrative proceedings before the Medical Malpractice Panel before filing a complaint in district court. This Court held that access to the courts may be hindered if another fundamental right is not involved and there exists a rational basis for doing so. We found that the medical malpractice crisis in Montana was a rational basis for hindering access to the courts. Linder, 629 P.2d at 1190. We also held that because the requirement that medical malpractice claimants proceed first through the Medical Malpractice Panel operated in the same manner upon all

4

persons in like circumstances, equal protection guarantees were not violated. Linder, 629 P.2d at 1193. In a similar manner, the requirement that discrimination claimants proceed first through the Montana Human Rights Division operates equally upon all persons in like circumstances. Although Romero argues that freedom from racial discrimination is a fundamental right in Montana, this Court has not previously so held and is not prepared to do so based on the arguments made by Romero. We hold that the State's purpose of combatting illegal discrimination is a rational basis for delaying access to the courts by using a specialized agency to handle discrimination complaints.

The Act does not deny discrimination claimants access to the courts. Judicial review of administrative proceedings before the Human Rights Commission is available. Also, after 12 months in which a hearing has not been held, a claimant is generally entitled to a right-to-sue letter allowing access to the courts. See § 49-2-509, MCA. We hold that the Act does not violate the U.S. or the Montana Constitution by requiring a claimant to file a complaint before the Human Rights Commission before bringing an action in district court.

## II.

Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by providing that orders in discrimination cases may not include punitive damages?

Section 49-2-506(2), MCA, precludes punitive damages in actions brought under the Act. Romero argues that there is a fundamental right to claim punitive damages. He cites no authority, and his proposition is not supported by this Court's previous opinions. Punitive damages are an extraordinary remedy outside the field of usual redressful remedies.

5

Safeco Ins. Co. v. Ellinghouse (Mont. 1986), 725 P.2d 217, 226-27, 43 St.Rep. 1689, 1701. There is no constitutional right to punitive damages. White v. State (1983), 203 Mont. 363, 370, 661 P.2d 1272, 1275, overruled on other grounds, Meech v. Hillhaven, No. 88-410 (Mont. June 29, 1989). A plaintiff is never entitled to exemplary damages as a matter of right. Spackman v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 511, 414 P.2d 918, 924. We hold that there is no violation of either the United States Constitution or the Montana Constitution in the provision in the Montana Human Rights Act which precludes punitive damages.

## III.

Does the Montana Human Rights Act violate the Constitution of the United States or of the State of Montana by providing a hearing before the Human Rights Commission rather than providing a trial by jury?

Romero cites Art. II, sec. 26, Mont. Const., and U.S. Const. amend. V, as authority that he is entitled to a jury trial. This Court has stated that in discrimination cases under the Human Rights Act, it is helpful to look to federal law under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000. Snell v. Montana-Dakota Utilities Co. (1982), 198 Mont. 56, 62, 643 P.2d 841, 844. This Court has held that "the right to trial by jury in this state is the same as that guaranteed by the Seventh Amendment [to the United States Constitution]. [Citation omitted.]" Linder, 629 P.2d at 1189. The federal cases do not support Romero's position.

> [W]hen Congress creates new statutory "public rights," it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment's injunction that jury trial is

6

to be "preserved" in "suits at common law."

Atlas Roofing Co. v. Occupational Safety Comm'n. (1977), 430 U.S. 442, 455, 97 S.Ct. 1261, 1269, 51 L.Ed.2d 464, 475. The right of jury trial is inapplicable to federal Title VII actions. Slack v. Havens (9th Cir. 1975), 522 F.2d 1091, 1094. We hold that the Act does not violate either the United States or the Montana Constitution by providing for a hearing before the Human Rights Commission rather than providing for a trial by jury.

Finally, Romero argues that the 90-day time limit for filing a complaint in District Court after he received a right-to-sue letter should be tolled for the time taken by this appeal. For the purposes of this case only, we grant Romero's request to toll the 90-day time limit imposed by the statute. Romero may therefore refile a complaint in District Court.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7