JUSTICE TRIEWEILER
concurring in part and dissenting in part:
I concur with the majority’s conclusions under Issues II through VIII of the majority opinion. However, because I conclude that compensatory damages for emotional distress are recoverable under § 49-2-506(l)(b), MCA, I also conclude that either party had a right to demand a jury trial of that issue pursuant to Article II, § 26, of the Montana Constitution, which provides in part that “[t]he right of trial by jury is secured to all and shall remain inviolate.”
We have previously held that “[t]he right to trial by jury in this state is the same as that guaranteed by the Seventh Amendment [to the United States Constitution].” (Citation omitted.) Linder v. Smith (1981), 193 Mont. 20, 23, 629 P.2d 1187, 1189. While I do not agree that the right to trial by jury under Montana’s Constitution should be limited by federal interpretations of the United States Constitution, I conclude that even on the basis of those decisions, appellant had a right to a jury trial of the damage issue in this case.
The majority relies on our prior decision in Romero v. J & J Tire (1989), 238 Mont. 146, 777 P.2d 292. However, in that case compensatory damages were not at issue, and the court correctly looked to federal case law interpreting Title VII of the Civil Rights Act of 1964 to determine whether a jury trial was guaranteed under Montana’s Human Rights Act. In that case, we held that:
*282 This Court has stated that in discrimination cases under the Human Rights Act, it is helpful to look to federal law under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. [Section]s 2000e, et seq. Snell v. Montana-Dakota Utilities Co. (1982), 198 Mont. 56, 62, 643 P.2d 841, 844. ...
“When Congress creates new statutory ‘public rights,’ it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment’s injunction that jury trial is to be ‘preserved’ in ‘suits at common law.’ ”
Romero, 111 P.2d at 296.
However, our holding in Romero must be reexamined for several reasons. First of all, compensatory or legal damages for pain and suffering were not an issue in Romero. Second, the federal case law relied upon in Romero was decided before the 1991 amendments to Title VII of the Civil Rights Act of 1964. Prior to those amendments, the only relief provided for under the enforcement provisions of the Federal Civil Rights Act was equitable relief. See Curtis v. Loether (1974), 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260. The District Court could enjoin the conduct complained of, order reinstatement of the effected employee, with or without back pay, or grant any other equitable relief that the court deemed appropriate. Curtis, 415 U.S. at 197, 94 S.Ct. at 1009. However, in 1991, 42 U.S.C. § 1981a(a)(l) was added to the Federal Civil Rights Act to provide:
In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5,2000e-16] against a respondent who engaged in unlawful intentional discrimination ... and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5(g), 2000e-16], from the respondent.
When the Act was amended to allow for compensatory or punitive damages, it was also amended to provide that:
If a complaining party seeks compensatory or punitive damages under this section —
(1) any party may demand a trial by jury ....
42 U.S.C. § 1981a(c) (1991).
*283 Because the Federal Civil Rights Act did not provide for general compensatory damages prior to 1991, the federal cases decided prior to the amendment that were relied upon by the majority are no longer instructive. A more helpful decision on this issue is the United States Supreme Court’s decision in Curtis. In that case, the Supreme Court was asked to decide whether parties had a right under the Seventh Amendment to trial by jury of claims brought pursuant to Title VIII of the Civil Rights Act of 1968 (42 U.S.C. § 3612 (1968)). The fair housing provisions of that Act allowed federal courts to grant relief, including actual damages and punitive damages. In that case, the petitioner sought actual and punitive damages based on her allegation that the respondents had refused to rent an apartment to her because of her race. Respondents made a timely demand for jury trial. However, the district court held that a jury trial was not authorized under Title VIII of the Civil Rights Act, and neither was it required by the Seventh Amendment. The Seventh Circuit Court of Appeals reversed on the issue of respondents’ right to a trial by jury, and the Supreme Court affirmed. In doing so, the Court held that:
But when Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law.
We think it is clear that a damages action under § 812 is an action to enforce “legal rights” within the meaning of our Seventh Amendment decisions. See, e.g., Ross v. Bernhard, [(1970)] [396 U.S. 531,] 533, 542, [90 S.Ct. 733, 735, 740, 24L.Ed.2d 729]; Dairy Queen, Inc. v. Wood [(1962)], [369 U.S. 469,] 476-477, [82 S.Ct. 894, 899, 8 L.Ed.2d 44], A damages action under the statute sounds basically in tort — the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant’s wrongful breach. As the Court of Appeals noted, this cause of action is analogous to a number of tort actions recognized at common law.
More important, the relief sought here — actual and punitive damages — is the traditional form of relief offered in the courts of law.
Curtis, 415 U.S. at 195, 94 S.Ct at 1009.
The Court then went on to distinguish between actions brought pursuant to Title VIII, which provided for actual and punitive dam *284 ages, and actions brought pursuant to Title VII, which at that time allowed only reinstatement and back pay which the Court characterized as equitable remedies.
As in Curtis, the rights enforced by Brookshire in this case were ultimately enforceable in a court of law. See § 49-2-505(4), MCA; § 49-2-508, MCA; § 49-2-509(l)(a) and (b), (3), (5) and (6), MCA.
This issue has been previously decided by the State of Alaska in Loomis Electronics Protection, Inc. v. Schaefer (Ala. 1976), 549 P.2d 1341. In that case, Schaefer sued Loomis for discriminatory hiring practices. Loomis moved for a jury trial, which was denied. The Alaska Supreme Court observed that the constitutional guarantee of trial by jury in Alaska was similar to that found in the Seventh Amendment to the Constitution of the United States. Furthermore, it found that the statutory prohibition against discriminatory hiring practices in Alaska was similar to Title VII of the Civil Rights Act of 1964. It acknowledged that federal cases at that time had concluded that the relief provided for under Title VII of the Federal Act was equitable in nature and that there was, therefore, no right under the United States Constitution to trial by jury of those claims. However, it distinguished the Alaska statute in the following manner, which is relevant to this case:
Title VII of the Federal Act contemplates only equitable relief. No such limitation is found in the language of AS 22.10.020(c). After authorizing the superior court to enjoin illegal activities, through the application of its traditional powers of equity, the legislature of Alaska went on to authorize the court to order any other relief, including the payment of money. The language of the statute is clearly intended to provide a litigant complete relief in an appropriate case. ... We believe the broad language of AS 22.10.020(c) indicates a legislative intent to authorize an award of compensatory and punitive damages for violations of AS 18.80, in addition to the equitable remedies such as enjoining illegal employment activities and ordering back pay as a form of restitution.
Loomis, 549 P.2d at 1343.
After discussing the U.S. Supreme Court’s decision in Curtis, the Alaska Supreme Court went on to conclude that:
Similarly, in the instant case, where part of the relief sought is compensatory and punitive damages, we believe that Article I, § 16, of the Constitution of Alaska, guarantees the parties the right to a jury trial. Accordingly, the order of the superior court, striking *285 petitioner’s demand for a trial by jury, should not have been entered.
Loomis, 549 P.2d at 1344.
Likewise, the damages authorized by § 49-2-506(l)(b), MCA, and awarded in this case are the traditional form of relief offered in courts of law. Whether claiming such damages or defending against a claim for damages, the Montana Constitution, in Article II, § 26, and the Seventh Amendment to the United States Constitution, guarantee the right of either party to trial by jury. If such a fundamental constitutional right can be evaded by simply delegating the initial determination of such damages to a state agency other than a district court, then the constitutional right to trial by jury is rendered meaningless. And, if the right to trial by jury is rendered meaningless for the employer in this case, then no one’s right to trial by jury is secure from legislative interference in the future. This result was never intended by the authors of the Montana Constitution, nor the founding fathers when they drafted the Bill of Rights to the United States Constitution.
The right to trial by jury is the most fundamental protection in our state and in our country against tyranny by judges, legislators, bureaucrats, and other governmental officials. I conclude that, under the facts in this case, appellant was denied that constitutional right and that Brookshire’s claim, while otherwise fully supported by the record, should be remanded for a jury trial on the issue of compensatory damages.